**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jacqueline Delahr, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| National Credit Adjusters, LLC<br>c/o Legal Department<br>2900 SW Wanamaker Drive, Suite 204<br>Topeka, KS 66614, | |
| | **Jury Demand Requested** |
| Defendant. | |

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C.

§1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred

in this District.

### PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for

personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a Delaware corporation with its principal office in the State of Kansas.

6- Defendant uses instruments of interstate commerce for its principal purpose of business,

which is the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around October 18, 2013, Defendant communicated with Plaintiff.

10- During this communication, Plaintiff notified Defendant that he was represented by an attorney to file for bankruptcy.

11- During this communication, Defendant asked for the attorney's name and telephone number and Plaintiff responded that she was driving and would call her back with the information.

12- On or around October 18, 2013, Plaintiff telephoned Defendant and provided her bankruptcy attorney's name and number.

13- Despite having notice of Plaintiff's representation, Defendant telephoned Plaintiff at least one more time thereafter.

14- On or around November 19, 2013, despite having notice of Plaintiff's representation, Defendant telephone Plaintiff to collect the Debt.

15- Defendant damaged Plaintiff.

16- Defendant violated the FDCPA.

## COUNT I

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692b(6) by communicating with a consumer after being notified that the consumer was represented by an attorney.

## COUNT II

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

### COUNT III

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading

methods to collect a debt.

### JURY DEMAND

24- Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

25- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at

trial, suffered as a direct and proximate result Defendant's violations of the

Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's

violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C.

§1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs

incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By:*/s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-241-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*